## VINCENT et al. v. SIMON.

### No. 1918.

Court of Appeal of Louisiana. First Circuit.

Feb. 15, 1939.

George J. Bailey, of Abbeville, for appellants.

Edward F. LeBlanc and John Nugier, both of Abbeville, for appellee.

OTT, Judge.

F. N. Vincent and Mamie Romero join as plaintiffs in this suit, the former to recover $405 for damages to his car and expenses in treating his minor son, and the latter to recover $1,209 for personal injuries, loss of time and medical expenses, all of which damage is alleged to have resulted on account of an intersectional collision at Avenue J and Fifth Street in the town of Kaplan between a car driven by Roy Vincent, minor son of F. N. Vincent, and a car owned and operated by the defendant on July 12, 1937. The negligence charged to the defendant is that he was traveling east on Fifth Street as said Roy Vincent, driving the automobile of his father, F. N. Vincent, with Mamie Romero as a guest therein, was approaching in

Avenue J going in a northerly direction; that the defendant and said Roy Vincent approached the intersection about the same time, and when each was about twenty feet from the intersection, Roy .Vincent blew his horn to warn the defendant of his approach; that said defendant acted as though he would stop in order to accord said Roy Vincent the right of way on Avenue J as provided for by a town ordinance, whereupon said Roy Vincent proceeded to enter and cross the intersection; that the defendant failed to stop but continued into the intersection in a reckless manner, without giving any warning and without looking or listening for the approach of any car along Avenue J; that defendant drove .his car into the left side of the Vincent car, causing it to turn over and damaging the car and injuring Miss Romero.

The defendant denies that he was guilty of any negligence, but alleges that Roy Vincent approached said intersection at an excessive speed, more than 55 miles per hour; that he (defendant) approached said intersection at a moderate , rate of speed, not in excess of 10 miles per hour, and when he was within twenty feet of the intersection traveling at the rate aforesaid, Roy Vincent was approximately 275 feet from the intersection traveling at an excessive speed; that said Roy Vincent, without giving any warning and without looking, entered said intersection at said excessive rate of speed; that he (defendant) saw the car driven by Roy Vincent approaching when it was about 160 feet south of the intersection; that observing the fast and reckless speed of the approaching car, he brought his car to a complete stop two feet or more west of the middle line of Avenue J, but the Vincent car, straddling Avenue J and driven at a reckless speed, and when within a few feet of defendant's car, swerved to its right, the rear end striking the front fender and bumper of defendant's car.

Reiterating the alleged acts of negligence on the part of said Roy Vincent as the sole cause of the accident, and alleging that his car was damaged in the collision to the extent of $55.35, defendant reconvened against F. N. Vincent for said amount. After a trial extending over several days with testimony covering some 280 pages the trial court rejected the demands of the plaintiffs and gave judgment for defendant on his reconventional de-

mand against F. N. Vincent. Both plaintiffs have appealed.

■ A careful reading of the record fails to disclose any errors in the findings and judgment of the trial court. Without attempting to analyze the testimony of each witness separately, we think the preponderance of the evidence justifies the following finding of facts:

That as young Vincent approached the intersection on Avenue J going north he was driving at an excessive speed, from 40 to 50 miles per hour; that he was not entirely on his side of the street, but was driving with his left wheels over the center of the street; that he was not keeping a proper lookout for cars entering or in the intersection.

The defendant was driving at a speed of some ten miles per hour as he approached Avenue J going east, and as he was about to enter the intersection, he saw the Vincent car coming up the avenue at a fast rate of speed; that defendant stopped his car with its front wheels from four to five feet west of the center of Avenue J. The driver of the Vincent car, traveling with his left wheels over the center of the street as stated above, did not see defendant's car until he was within a few feet of it, and he then swerved or pulled his car to the right in an attempt to avoid striking it, causing the Vincent car to slide into the front of the defendant's car.

The decided preponderance of the testimony shows that Roy Vincent was traveling at an excessive speed. If the direct testimony on that phase of the case did not justify that conclusion, the fact that the Vincent car went some 46 feet further on after the collision and turned over furnishes convincing proof that the car was going at a fast rate of speed. Moreover, we are convinced from the evidence that the lady who was riding in. the car with the young man realized that he was .driving too fast as she stated to several persons just after the accident that he was driving too fast.

The trial judge found from the evidence that the Vincent car was not on its. side of the road. Not only do we fail to find sufficient evidence in the record to disagree with his finding on this vital point in the case, but we think that the preponderance of the evidence fully justified him in reaching this conclusion.

On the question of whether or not defendant came to a complete stop on the

west side of the street before the collision, there is a little more room for doubt than on the other vital points in the case. The signs in the street where the collision took place were shown by a decided preponderance of the evidence to be west of the center of the street, but of course these signs would not necessarily indicate that defendant's car was stopped at that point when the collision occurred.

Roy Vincent claims that the front of defendant's car struck ·the side of the car that he was driving on the left side near the driver's seat. On this point the testimony of the young lady is not very definite. When she first saw defendant's car it was about on them, and it looked like. his car ran into the one in which she was riding. Another witness—Mire—testified that defendant's car was moving when the two cars collided; that defendant's car ran into the side of the Vincent car on the door near where the driver was sitting.

From the photographs in the record, certain imprints as of an impact on the left side of the Vincent car do appear. Counsel for plaintiffs presents a rather strong argument on this point to the effect that the defendant's car could hardly have made these imprints on the left side of the Vincent car unless the defendant's car was in motion at the time. It is rather difficult to understand how the defendant's car could have struck the Vincent car on the left side, near the driver's seat, if defendant's car was standing still, while it would not be impossible for the Vincent car to have swerved to the right in such a way as to throw its left side up against the front part of a stationary car.

 In any event, the defendant testified most positively that he had come to a complete stop on the west side of the street when his car was struck by the Vincent car. He is corroborated in this position by at least two other witnesses who had a good opportunity to know whether or not defendant had come to a stop. The trial judge found as a fact that defendant had come to a stop, and in view of the conflict in the testimony on this point, we must rely largely on his findings as he knew the witnesses and was in a much better position to weigh and value their testimony than we are. Under this state of facts, it is clear that defendant was not guilty of any negligence and, of course, it is not necessary to decide what effect the negligence of Roy Vincent had

on the right of Mamie Romero as a guest in his car.

 Counsel for plaintiffs makes the point that the defendant, in effect, pleaded the contributory negligence of Roy Vincent but not in the alternative, and by doing so, he has admitted his own negligence. But we do not so construe the pleadings. Defendant denied any negligence on his part, and set up the negligence of Roy Vincent in order to show the proximate cause of the accident and to lay the foundation for his reconventional demand.

Finding no error in the judgment appealed from, the same is hereby affirmed at the cost of appellants.